IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

KATHE LOUISE COLTHARP,

          Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

          Defendant.

Case No. 15-CV-110-CVE-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Kathe Louise Coltharp, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's July 26, 2011, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") B.D. Crutchfield was held August 8, 2013. By decision dated September 16, 2013, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on January 2, 2015. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 37 years old on the alleged date of onset of disability and 39 on the date of the ALJ's denial decision  She has a high school education and formerly worked as a title processor, customer service manager, retail store manager, and receptionist. She claims to have been unable to work since September 1, 2011 as a result of social phobia, personality disorder, multiple sclerosis, and chronic pain syndrome.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity to perform less than the full range of light work in that she would need to avoid unprotected heights, moving machinery, and other hazards. In addition, Plaintiff is limited to performing simple routine tasks, and to having only occasional public contact. [R. 22].

Although Plaintiff is unable to perform her past relevant work, based on the testimony of a vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether

a claimant is disabled. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations[2]

Plaintiff asserts that the ALJ: failed to perform a proper analysis of the opinions in the record; failed to perform a proper credibility analysis; inadequately developed the record; performed a faulty listing analysis; and failed to properly evaluate her RFC.

## Analysis

### Reliance on Opinion Evidence

Plaintiff argues that the ALJ erred in adopting the opinions of consultative examiners and agency experts instead of crediting Plaintiff's testimony and the third party statement by her aunt.

The ALJ accurately summarized the medical record which demonstrated that at her October 18, 2011 visit to Pain Management of Tulsa, Plaintiff was able to stand and ambulate without any assistance, difficulties, or limitations, she had no medication side effects, and demonstrated movement in all her extremities. [R. 23, 259]. On consultative examination in November 2011, Dr. Carey made similar observations, including normal toe and heel walking and full range of motion in the spine. [R. 23, 265]. Additional consultative examination was performed in 2013 by Dr. Jennings who also found normal range of motion. [R. 313]. The AL stated she gave weight to the opinions of the consultative examiners in varying degrees, finding they all perceive Plaintiff as being capable of more

---

[2] In a footnote and in her reply brief, Plaintiff asserts legal error on the basis that the ALJ failed to specify the standard of proof. [Dkt. 12, p. 4 n6; Dkt. 16, PP. 1-2]. Plaintiff has not cited to any authority requiring the inclusion of a statement of the standard of proof in an ALJ's decision. The regulations address the burden of proof. 20 C.F.R. §§ 404.920, 404.941(a), 404.948 (a), 040.953(a). Plaintiff has not demonstrated this standard was not applied.

3

movement/capacity than she sees for herself. [R. 24-25]. The undersigned finds that the ALJ's conclusion that the limitations Plaintiff testified to are not supported by the medical records is supported by substantial evidence.

The ALJ also relied on the opinions of the state Disability Determination Service (DDS) consultants who reviewed Plaintiff's medical records and opined that she was capable of performing work. [R. 25, 293-295, 298-304]. Although the ALJ is not bound by the findings made by State agency medical or psychological consultants, the regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(e)(2)(i); 20 C.F.R. § 416.927(e)(2)(i). The undersigned finds no error in the ALJ's reliance on the opinions by the DDS consultants.

Plaintiff acknowledges that the record does not contain any treating source opinions about her ability to perform work. [Dkt. 12, p. 6]. Plaintiff asserts, however, that there is no indication that the ALJ asked for any such opinion and she asserts she could not pay for a consultation for the purpose of obtaining such an opinion. To the extent that Plaintiff suggests that a treating source opinion is necessary to support an RFC finding, there is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). "[T]he ALJ, not a physician, is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004) (following 20 C.F.R. § 416.927(e)(2) and SSR 96–59, 1996 WL 374183, at *5); see also 20 C.F.R. §§ 404.1546(c) and 416.946(c). The Tenth Circuit has thus "rejected [the] argument that there must be specific, affirmative, medical evidence on the record as

4

to each requirement of an exertional work level before an ALJ can determine RFC within that category." *Howard*, 379 F.3d at 949; see, e.g ., *Wall v. Astrue,* 561 F.3d 1048, 1068–69 (10th Cir. 2009)(upholding ALJ's findings on mental impairment where record did not contain any treating or examining medical opinions as to allegedly disabling pain disorder); *Bernal v. Bowen*, 851 F.2d 297, 302–03 (10th Cir.1988) (holding ALJ properly made mental RFC findings without expert medical assistance).

The undersigned finds no error in the ALJ's reliance on the reports of the consultative examiners or the opinions of the DDS consultants. Further, Plaintiff has not demonstrated that the record was insufficient for the ALJ to make a determination about her ability to work such that additional examinations were required.

### Credibility Determination

Plaintiff argues that the ALJ erred by relying on the lack of support in the medical record as a factor weighing against the credibility of her alleged limitations. Plaintiff asserts that the record contains ample evidence to support her diagnoses and those diagnoses are consistent with the types of limitations she alleges. [Dkt. 12, p. 6].

Support in the medical record is among the various factors properly considered in making a credibility determination. 20 C.F.R. §§ 404.1529, 416.929. Furthermore, it is not the diagnosis of a condition, but the functional consequences of the condition that form the basis of a disability determination. *See e.g. Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir.

2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

The undersigned finds no error in the ALJ's reliance on the lack of support in the medical record as a factor in making the credibility determination.

## Development of the Record

Plaintiff asserts that the record is incomplete because it does not contain a description of the disease process of multiple sclerosis, the predictable limitations of the disease, or medication and side effects typically associated with it. Again, the proper focus of a disability determination is on the demonstrated functional consequences of Plaintiff's condition. Plaintiff has not demonstrated that the medical records were insufficient to assess her functional abilities.

## Analysis of the Listings of Impairments

The Listing of Impairments (listings) describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. It is Plaintiff's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). It is also well established that *all* of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

Plaintiff argues that the ALJ failed to perform a proper analysis of the listings because the ALJ's decision contains what Plaintiff calls cut and paste boilerplate language

6

concerning the listings without any discussion of why the listing criteria were not met. Plaintiff asserts that if her testimony were given appropriate weight, the listing criteria are met.

Plaintiff states that she testified to disorganization of motor function, mental impairment, and fatigue of motor function. However, Plaintiff's testimony does not demonstrate that she meets the criteria for listing 11.09 of disorganization of motor function. According to the listing, disorganization of motor function must be significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movements, or gait and station. Listing section 11.00 C explains that assessment of such disorganization depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms. Interference with locomotion and interference with use of Plaintiff's fingers, hands, and arms is not supported by the medical record as demonstrated by the consultative examinations discussed above. Plaintiff also states she testified to mental impairment. However, listing 11.09 B requires a particular degree of mental impairment not evident in the medical record. Plaintiff's testimony about fatigue does not met the criteria of the listing, which requires significant reproducible fatigue of motor function with substantial muscle weakness on repetitive activity demonstrated on examination.

Although the ALJ's discussion of listing 11.09 could have been more thorough, the undersigned finds that remand is not required since the record does not contain medical findings that might even arguably meet the listing.

<u>RFC Evaluation and Vocational Findings</u>

Plaintiff argues that the ALJ failed to properly evaluate her RFC because she claims she cannot perform most of the functions in the RFC on a sustained basis and she testified to needing a sit-stand option. Aside from her testimony, which the ALJ properly rejected as not fully credible, Plaintiff has not directed the court to evidence in the record contrary to the ALJ's RFC findings. In any event, the existence of evidence in the record that may be contrary to the ALJ's findings does not deprive the findings of substantial support in the record. The Tenth Circuit has stated that the possibility of drawing two inconsistent conclusions from evidence in a case does not prevent an administrative agency's findings from being supported by substantial evidence. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

The undersigned finds that the ALJ's RFC findings are supported by substantial evidence.

## **Conclusion**

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision. Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before April 5, 2016.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 22nd day of March, 2016.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE